## MOBLEY *vs.* BARNES ET AL.

1. In trover for the conversion of a slave, the declaration of defendant's vendor, "that he had promised to give the slave to the plaintiffs," is not admissible evidence against defendant, being neither explanatory of possession, nor in disparagement of title.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. ROBERT DOUGHERTY.

TROVER by Aramanus L. Barnes and Eldridge M. Barnes against Warren L. Mobley, for the conversion of a slave named Baze ; plea, the general issue, with leave to give any special matter in evidence. For the former report of the case, see 21 Ala. 232-9.

The bill of exceptions in the present record states, that the plaintiffs, on the trial, "adduced evidence tending to show that the negro in controversy was the property of their grandfather, Jethro Mobley, at and before John Barnes, their father, married a daughter of said Jethro, which marriage occurred in Georgia in the year —— ; that soon after said marriage, said Jethro gave said negro to said John Barnes, and that she remained in his possession until, at, and after the death of his said wife ; that soon after the death of Mrs. Barnes, who was plaintiffs' mother, said Jethro Mobley went to the house of said John Barnes, and told him, 'that he was a wild young man, that it would be better for him to let him (said Jethro) have the plaintiffs, said negro, and the bed and bed-clothes, and that if he would do so, he (said Jethro) would take care of plaintiffs, and would take care of said negro for the benefit of plaintiffs, and at his death would make plaintiffs equal to his own children'; (and the evidence was conflicting as to whether said John Barnes gave the said negro to said Jethro or to his children ;) that said John Barnes assented thereto, and said Jethro thereupon took said negro and plaintiffs, *and hired them out annually* for several years for the declared benefit of plaintiffs. At this stage of the evidence, the plaintiffs offered to prove by a female witness, that Jethro Mobley told

Mobley v. Barnes et al.

her, that he had promised to raise plaintiffs, and to educate them, and to give them the negro alluded to, as she thinks. To this evidence the defendant objected, on the ground, that it was illegal and irrelevant, and was the mere declaration of a third person, and not admissible evidence against the defendant; but the court overruled the objection, and admitted the evidence, and the defendant excepted." The defendant then offered in evidence a bill of sale of the negro, from Jethro Mobley to himself, dated January 1, 1835.

The admission of the evidence of the female witness, as to the declarations of Jethro Mobley, is the only error assigned,

JAMES E. BELSER, for the appellant, contended that the declarations were not admissible against the defendant, because, 1st, Jethro Mobley himself was a competent witness, and therefore another person could not depose to his declarations (1 Stew. & Port. 220; 4 Port. 253; 9 Metc. 471); 2d, because they were merely narrative of a past fact, and not admissible as part of the *res gestæ* (20 Ala. 123; 17 *ib.* 366; 8 *ib.* 650); and, 3d, because they were not shown to have been made anterior to the defendant's bill of sale (2 Phil. Ev. C. & H.'s Notes, pp. 655-6).

WM. H. BARNES, *contra*, insisted, 1st, that as Jethro Mobley was shown to have once had possession, the presumption is, that his possession continued until he is proved to have parted with it (1 Greenl. Ev. § 42), and therefore his declarations, made while in possession, were admissible evidence as explanatory of his possession (Barnes v. Mobley, 21 Ala. 239; 4 *ib.* 40; 17 *ib.* 222; 18 *ib.* 201, 343, 822); 2d, that they were admissible evidence as against defendant, because in disparagement of his vendor's title (21 Ala. 139; Nelson v. Iverson, 17 *ib.* 232; 1 Greenl. Ev. § 190).

GOLDTHWAITE, J.—The declarations of persons not parties to the suit are, in general, mere hearsay, and for that reason are inadmissible, unless made under circumstances, or offered in connection with testimony, which would render them competent. In the present case, the bill of exceptions shows, that the person by whom the declaration was made

was in possession of the slave to which it related, at two different periods, but it does not show, either directly or inferentially, that the declaration was made at either of those periods, and it could not for that reason be regarded as part of the *res gestæ*. But, if he had been in possession, it would have made no difference, as the declaration was not explanatory of the act of possession, but narrative of a past occurrence.—1 Greenl. Ev. § 110.

But it is said, that the declaration was made by the party under whom the appellant claimed,—was in disparagement of his own title, and therefore binding on his vendee. An admission by one, that he had promised to give certain property to another, cannot, in any aspect in which it can be considered, be deemed a repudiation of his own title by the party making the admission. On the contrary, it rather implies that he regarded the ownership as in himself when he made the promise, and is very different from the declarations which were held to be competent evidence on that ground when the case was last here.—Barnes v. Mobley, 21 Ala. 232, 239. There they were made by the vendor in possession, before the sale, and were admissions directly recognizing the title of the appellants, and for that reason were good against the vendee.

Our conclusion is, that upon the facts as stated in the record, the court erred in receiving the evidence objected to. Its judgment is, therefore, reversed, and the cause remanded.

RICE, J., having been of counsel, did not sit in this case.